**FILED**

**AUGUST 8, 2007**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ATHINA SOLOMOS, | |
| Plaintiff, | |
| | Case No. 07 C 3354 |
| v. | |
| | Honorable Rebecca R. Pallmeyer |
| TOWN OF CICERO, LARRY DOMINICK President of the TOWN OF CICERO, in his individual capacity, JOSE DEL ANGEL in his individual capacity, DEREK DOMINICK, in his individual capacity, | |
| Defendants. | Plaintiff Demands Trial By Jury |

## FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, ATHINA SOLOMOS, by and through her attorneys,

KURTZ LAW OFFICES, LLC, and complaining against Defendants, TOWN OF

CICERO, LARRY DOMINICK, President of the TOWN OF CICERO, in his individual

capacity, JOSE DEL ANGEL, in his individual capacity, and DEREK DOMINICK, in

his individual capacity, states as follows:

### Introduction

1.      Plaintiff Athina Solomos seeks redress for sexual harassment and gender

discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. § 2000e et seq. ("Title VII") (Count I); for violations of her right to equal

protection as secured by the Fourteenth Amendment to the United States Constitution

pursuant to 42 U.S.C. § 1983 (Count II); for retaliation in violation of Title VII (Count

III); for violations of her rights of free speech as secured by the First Amendment to the

United States Constitution pursuant to 42 U.S.C. § 1983 (Count IV); for intentional

infliction of emotional distress in violation of Illinois law (Count V); and for assault in violation of Illinois law (Count VI). Plaintiff Solomos seeks declaratory and injunctive relief as well as damages for her injuries.

2.    Defendants' actions reflect a systematic policy and practice of discrimination against women and sexual harassment and retaliation and constitute a continuing violation.

## Jurisdiction and Venue

3.    Jurisdiction of this Court is provided by 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367. Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because Plaintiff and all Defendants reside in this District and all events giving rise to Plaintiff's claims occurred within this District.

## Administrative Proceedings

4.    Plaintiff Solomos filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which is still pending before the EEOC. Upon receipt of a determination or notice of right to sue from the EEOC, Plaintiff will amend her Complaint to include the relevant facts providing jurisdiction of this Court over Plaintiff's Title VII claims (Counts I and II).

## The Parties

5.    Plaintiff Athina Solomos ("Solomos") is a resident of Cook County and an employee of the Town of Cicero.

6.    Defendant Town of Cicero ("Cicero") is a municipality incorporated under the laws of the State of Illinois.

7.     Defendant Cicero hired Solomos in or about January 1999 as an auxiliary police officer.  Solomos voluntarily resigned her position in or about November 2001.

8.     On or about June 20, 2005, Solomos was re-hired by Defendant Town of Cicero as a code enforcement officer.

9.     At all relevant times, Defendant Cicero has been continuously engaged in an industry affecting commerce.

10.     At all relevant times, Defendant Larry Dominick served in the elected position of President of the Town of Cicero.  Dominick is sued in his individual capacity.  Defendant Dominick was and remains a final policy maker with respect to various departmental matters at issue here.

11.     At all relevant times, Defendant Cicero employed Defendant Jose Del Angel ("Del Angel").  Del Angel is sued in his individual capacity.

12.     Del Angel was Plaintiff Solomos's supervisor.  Del Angel told Solomos on numerous occasions that he was supervisor.

13.     At all relevant times, Defendant Cicero employed Defendant Derek Dominick as its Human Resources Director.  Derek Dominick is sued in his individual capacity.

14.     Defendant Cicero has continued to employ Defendant Del Angel and promoted him to various positions in the Town, despite his long-standing history of sexual harassment, physical, verbal and emotional abuse of women and other violent conduct; and despite his long-standing history of inappropriate conduct directed at women and female employees.

15.     Defendant Larry Dominick delegated final policy-making authority to Defendants Derek Dominick and Del Angel at all times relevant hereto and with respect to various police department matters.

16.     Defendant Cicero has employed Defendants Larry Dominick, Derek Dominick, and Del Angel at all times material hereto. Defendant Cicero is responsible for the acts of Defendants Larry Dominick, Derek Dominick, and Del Angel, who were acting within the scope of their employment and pursuant to a policy, custom, and/or pattern of sex discrimination, sexual harassment, retaliation, and violations of individual rights to equal protection and free speech under the First and Fourteenth Amendments to the United States Constitution.

17.     All Defendants have acted under color of state law at all material times hereto.

<u>Facts Upon Which Claims Are Based</u>

18.     In or about June of 2005, Plaintiff was hired by Defendant Town of Cicero as a code enforcement officer.

19.     On a continuing and ongoing basis since 2006, Plaintiff Solomos has been subjected to repeated and pervasive sexual harassment, discrimination, and retaliation, including but not limited to: being told by a supervisor that she could receive squad car maintenance in exchange for sexual acts; derogatory and demeaning remarks; suggestive sexual comments, all of which were unwelcome and offensive because of her gender; and placement on a less desirable shift in retaliation for her protests of gender discrimination and sexual harassment.

4

20.     Defendant Del Angel continuously subjected Plaintiff to such offensive, unwelcome, and physically and sexually abusive behavior, including:

    a.      On numerous occasions in June 2006, Del Angel subjected Solomos to unwanted sexual comments, such as: "Nice titties;" "Let me bum some hand sanitizer 'cause I just jacked off right now;" "I'd like to get you off;" "I need someone to suck the cum 'outta me like in fucking 'Scary Movie' where he gets all dried up;" and "When are you going to let me have a blow job?".

    b.      On numerous occasions in June 2006, Del Angel subjected Solomos to physical sexual advances such as running his hand-held radio antenna across Plaintiff's breasts and buttocks as she was performing her job duties;

    c.      On or about June 7, 2006, Del Angel said, "Look at them titties" to Solomos over a loudspeaker or megaphone while she was on duty, leaving Solomos embarrassed, shocked, and offended;

    d.      In or about June of 2006, Code Enforcement Officer Gus Van Pratt spoke with Defendant Del Angel in Spanish in Plaintiff's presence. When Solomos asked Del Angel what Van Pratt had said, Del Angel stated that Van Pratt said "that he could stand on his head all day and eat you out." Del Angel laughed about Van Pratt's sexually harassing comment, despite the fact that Del Angel was a supervisor who was responsible for ensuring sexual harassment did not occur;

e.   On or about June 7, 2006, while Solomos was working and attempting to obtain the vehicle identification number off of a vehicle, Defendant Del Angel walked up behind her and ran his hand-held radio antenna across Solomos's buttocks;

f.   On or about June 7, 2006 before heading back to the police station, Defendant Del Angel signaled Solomos to drive up next to him. When Solomos pulled up next to Del Angel in her vehicle, he proceeded to tell her, "I could really use a 'bj' right now," referencing a "blow job;"

g.   On or about June 12, 2006, Defendant Del Angel again stated to Solomos that he would like a "blow job," and stated, "Let me bum some hand sanitizer 'cause I just jacked off." Solomos exclaimed, "You're disgusting!"

h.   On or about June 14, 2006, Solomos was frustrated with the operation of her squad car, and during the course of the exchange between Solomos and Del Angel, he asked her, "What can I do to make you feel happy?" Solomos told him to "address the problems at hand," referring to repairing her vehicle so that she could return to work. Del Angel proceeded to ask Solomos for a "hummer," a slang term used for oral sex or otherwise referred to as a "blow job." Del Angel then stated, "I want you to help me out with that situation bad, I mean bad!" and said words to the effect of "I need someone to suck the cum out of me." Based on the conversation,

which left Solomos offended and concerned for her physical safety, she knew that Del Angel was not going to repair her squad car until and unless she performed oral sex on him. Because she refused, he did not take care of repairing her squad car.

21.     Solomos told Del Angel that she was not interested in him and asked him to stop his conduct and sexual comments. Despite her requests, he pursued her in an even more aggressive manner and escalated his behavior.

22.     Solomos was frightened by Del Angel and his sexual advances to the point that she was afraid that he was going to rape her.

23.     Solomos complained to the other Defendants about Del Angel's sexual harassment but nothing was done either to address Del Angel's harassment or to ensure that sexual harassment did not occur in the future.

24.     In fact, despite Plaintiff's complaints, Del Angel was promoted by the Town of Cicero. He was rewarded for his conduct.

25.     Other employees of Defendant Cicero engaged in sexual harassment with impunity and without consequence.

26.     Del Angel is a close political ally of Larry Dominick and has been allowed to sexually harass women with impunity because of his political affiliation to Larry Dominick.

27.     On or about June 26, 2006 and August 3, 2006, Solomos wrote a letter to President Dominick; Derek Dominick (Larry Dominick's son), the head of Human Resources; and Fran Reitz, another one of Plaintiff's supervisors, complaining about Del Angel's unwelcome behavior. Solomos complained about the ongoing sexual

harassment and hostile work environment, and cited specific occurrences between herself and Defendant Del Angel and Van Pratt and asked that the conduct be stopped immediately.

28.    On or about August 5, 2006, Solomos attempted to file a police report against Del Angel with the Cicero Police Department.  The police commander Solomos spoke with refused to file a police report on her behalf and told her that she would have to file an internal complaint with the Town of Cicero.  He contended that it was only "an internal matter."

29.    On or about August 5, 2006, Solomos filed an internal complaint against Defendant Del Angel with the Town of Cicero's Internal Affairs Department Commander Boyle.  Commander Boyle in turn forwarded Solomos's Complaint to the Town of Cicero's Legal Department.

30.    In her internal complaint Solomos complained that she had attempted to file a police report with the Cicero Police Department and that her request had been refused.

31.    Solomos also complained that she was concerned for her safety.

32.    On or about August 9, 2006, attorney Holly Tomchey of the Town's Legal Department and Fran Reitz met with Solomos and told her that she was being transferred to a different department.  Solomos objected to being transferred.  Solomos was not transferred at that time.

33.    On or about August 17, 2006, Holly Tomchey and Fran Reitz again called Solomos into a meeting with them.  Town Attorney Michael DelGaldo was also present for the meeting.  Tomchey and Reitz told Solomos that she was being transferred to a

different shift, either the afternoon or midnight shift. Solomos objected and complained that transferring her to a different shift would disrupt her life and cause her substantial hardship. DelGaldo brought up Solomos's complaints against Del Angel and alleged that her complaints had "nothing to do" with her being transferred. However, he also told Solomos that she did not have a choice in the matter.

34. As a result, Solomos was transferred to the midnight shift despite her objection and in retaliation for her having complained about the sexual harassment.

35. On or about August 22, 2006, Defendant Del Angel was promoted by Defendants Town of Cicero, Larry Dominick, and Derek Dominick.

36. Because Plaintiff Solomos complained of verbal and physical sexual harassment by Defendant Del Angel, she subjected to among the following conduct: unjustly transferred to a less-desirable shift, which directly and adversely impacted her daily life; denied mandatory overtime that was given to all employees; and denied LEADS training to further her career. At the same time, Defendant Del Angel was promoted and allowed to sexually harass, abuse, and assault women with impunity.

37. Defendant Cicero's supervisors and top management, including Defendant Larry Dominick and the Town of Cicero's Legal Department, knew and should have known of the harassment directed at Plaintiff and other women, and they failed to take any effective remedial measures to stop the harassment.

38. Defendants contributed to and failed to remedy the hostile work environment.

39.    Defendants created and perpetuated a hostile work environment, turned a blind eye to Del Angel's sexual harassment and a deaf ear to Plaintiff's complaints, and condoned and committed retaliation against Plaintiff.

40.    Defendant Cicero has a policy, custom, and widespread practice of allowing and condoning sexual harassment, failing to respond to complaints, and retaliating against those who complain about Defendants' unlawful conduct.

41.    Defendant Cicero failed to provide proper training to its managers, supervisors, and employees to prevent sexual harassment.  Defendant's failure to train was deliberately indifferent to the rights of its employees.


## COUNT I

### (Title VII Violation - Sexual Harassment and Discrimination)

42.    Plaintiff restates and realleges by reference paragraphs 1 through 41 above as though fully set forth herein as against Defendant Town of Cicero.

43.    The actions of Defendant as perpetrated by its agents and as described above are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of her sex, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq.

44.    Defendant has engaged in a policy, pattern, and practice of sexual harassment of and discrimination against women.

45.    Defendant intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the

conditions of Plaintiff's employment and by knowingly failing and refusing to protect Plaintiff from those hostile and abusive conditions.

46.     The actions of Defendant in intentionally engaging in and condoning sexual harassment against Plaintiff have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

WHEREFORE, Plaintiff respectfully requests:

a.     All wages and benefits Plaintiff would have received but for the discrimination, including pre-judgment interest;

b.     Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendant's conduct;

c.     Defendant be required to pay prejudgment interest to Plaintiff on these damages;

d.     A permanent injunction enjoining the Defendant from engaging in the discriminatory practices complained of herein;

e.     A permanent injunction requiring the Defendant to adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e et seq.;

f.     The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law;

g.     An award of reasonable attorneys' fees, costs, and litigation expenses; and

h.     Such other relief as the Court may deem just or equitable.

<u>COUNT II</u>

**(§ 1983 Violation of Equal Protection)**
**(Against All Defendants)**

47.     As against all Defendants – Town of Cicero, Larry Dominick, Derek Dominick, and Del Angel – Plaintiff restates and realleges by reference paragraphs 1 through 41 above as though fully set forth herein.

48.     Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of Plaintiff's employment.

49.     Defendants Cicero, Larry Dominick, Derek Dominick, and Del Angel intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of Plaintiff's employment and by knowingly failing and refusing to protect Plaintiff from such conditions.

50.     Defendants' actions against Plaintiff violate her equal protection right to be free from sexual harassment and gender discrimination as secured by the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

51.     Defendants' actions were intentional, willful, and malicious and/or in deliberate indifference for Plaintiff's rights as secured by the Civil Rights Act of 1871, as amended 42 U.S.C. § 1983.

52.     The actions of Defendants in intentionally engaging in and condoning sexual harassment against Plaintiff and discriminating against Plaintiff based on her gender have caused Plaintiff great mental anguish, humiliation, degradation, physical

and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

WHEREFORE, Plaintiff respectfully requests:

a.     All wages and benefits Plaintiff would have received but for the discrimination, including pre-judgment interest;

b.     Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendants' conduct;

c.     Defendants be required to pay prejudgment interest to Plaintiff on these damages;

d.     A permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein;

e.     A permanent injunction requiring the Defendants to adopt employment practices and policies in accord and conformity with the requirements of the United States Constitution and pursuant to 42 U.S.C. § 1983;

f.     The Court retain jurisdiction of this case until such time as it is assured that Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

g.     Punitive damages as allowed by law as against the individual Defendants in their individual capacities only;

h.     An award of reasonable attorneys' fees, costs, and litigation expenses; and

i.     Such other relief as the Court may deem just or equitable.

<u>COUNT III</u>

(Title VII Violation - Retaliation)

53.     As against Defendant Town of Cicero, Plaintiff restates and realleges by reference paragraphs 1 through 41 above as though fully set forth herein.

54.     Defendant intentionally subjected Plaintiff to unequal and discriminatory treatment by retaliating against her for complaining about sexual harassment, gender discrimination, and retaliation and by refusing and failing to protect Plaintiff from retaliation, including the following:

a.      Defendant and its agents and supervisors failed to take corrective action or any other measures to prevent other employees and supervisors from subjecting Plaintiff to a hostile work environment;

b.      Defendant and its agents and supervisors failed to take corrective action or any other measures to prevent Defendant Del Angel and other employees and supervisors from sexually harassing and threatening Plaintiff and other women;

c.      Defendant and its agents and supervisors retaliated against Plaintiff after she complained about unlawful discrimination;

d.      Defendant refused and failed to take prompt and appropriate action to prevent harassment and retaliatory conduct against Plaintiff and other women after they complained about sexual harassment and gender discrimination;

e.      Defendant and its agents and supervisors subjected Plaintiff to repeated acts of retaliation intended to ostracize, isolate, humiliate, and interfere with her furthering her career after she complained about sexual harassment, gender discrimination, and retaliation;

14

      f.      Defendant and its agents and supervisors retaliated against Plaintiff by subjecting her to less-desirable shifts, which adversely impacted her daily life; denying her overtime; denying her LEADS training to further her career; and treating her differently in the terms and conditions of her employment; and

      g.      Defendant and its supervisors and agents have subjected other individuals to retaliation for complaining about sexual harassment, discrimination, and retaliation and other unlawful conduct.

55. Defendant has engaged in a policy, pattern, and/or practice of retaliating and condoning retaliation against employees who complain of sexual harassment and discrimination.

56. By engaging in and condoning retaliatory conduct, Defendant discriminated against Plaintiff in violation of 42 U.S.C. ' 2000e-3, as amended.

57. The actions of Defendant in intentionally engaging in and condoning discrimination and retaliation against Plaintiff have caused her great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

WHEREFORE, Plaintiff respectfully requests:

      a.      All wages and benefits Plaintiff would have received but for the discrimination, including pre-judgment interest;

      b.      Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendant's conduct;

c.     Defendant be required to pay prejudgment interest to Plaintiff on these damages;

d.     A permanent injunction enjoining the Defendant from engaging in the retaliatory practices complained of herein;

e.     A permanent injunction requiring the Defendant to adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e et seq.;

f.     The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

g.     An award of reasonable attorneys' fees, costs, and litigation expenses; and

h.     Such other relief as the Court may deem just or equitable.

## COUNT IV

### (§ 1983 Violation of First Amendment)
### (Against All Defendants)

58.    As against All Defendants, Plaintiff restates and realleges by reference paragraphs 1 through 41 above as though fully set forth herein.

59.    Defendants intentionally retaliated against Plaintiff for speaking out on matters of public concern.

60.    Plaintiff complained about her physical safety, which in the context of policing and public law enforcement is a matter of public concern.

61.    Plaintiff also attempted to file a police report and was refused. Plaintiff also spoke out on a matter of public concern when she subsequently complained about the Cicero Police Department's refusal to allow her to file a police report.

16

62.     Defendants' actions reflect a policy, custom and/or pattern of official conduct of penalizing individual employees for exercising their rights to free speech under the First Amendment of the United States Constitution and were committed, condoned, and perpetuated at the hands of a policy maker.

63.     The actions of the Defendants against Plaintiff violated her rights of free speech under the First Amendment to the United States Constitution as applicable to the states by the Fourteenth Amendment and 42 U.S.C. §1983.

64.     All of Plaintiff's statements addressed constitutionally protected matters of public concern.

65.     The actions of the Defendants in intentionally engaging in retaliation and harassment against Plaintiff caused Plaintiff mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

66.     The actions of the Defendants were intentional, willful, and malicious and/or in reckless disregard of Plaintiff's rights as secured by the Civil Rights Act of 1871, as amended 42 U.S.C. § 1983.

WHEREFORE, Plaintiff respectfully requests:

    a.    All wages and benefits Plaintiff would have received but for the discrimination, including pre-judgment interest;

    b.    Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendants' conduct;

    c.    Defendant be required to pay prejudgment interest to Plaintiff on these damages;

    d.    A permanent injunction enjoining the Defendants from engaging in the retaliatory practices complained of herein;

e.   A permanent injunction requiring the Defendants to adopt employment practices and policies in accord and conformity with the requirements of the United States Constitution and pursuant to 42 U.S.C. § 1983;

f.   The Court retain jurisdiction of this case until such time as it is assured that Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

g.   Punitive damages as allowed by law as against the individual Defendants in their individual capacity only;

h.   An award of reasonable attorneys' fees, costs, and litigation expenses; and

i.   Such other relief as the Court may deem just or equitable.


STATE LAW SUPPLEMENTAL CLAIMS

COUNT V

(Intentional Infliction of Emotional Distress)

67.   As against Defendants Cicero and Del Angel, Plaintiff restates and realleges by reference paragraphs 1 through 41 above as though fully set forth herein.

68.   The intentional acts of Defendants constitute extreme and outrageous conduct, beyond the bounds of decency, which inflicted severe emotional distress and mental anguish on Plaintiff.

69.   As a proximate result of Defendants' unlawful acts, Plaintiff has suffered severe mental anxiety and emotional and physical distress.

70.   Defendant Del Angel acted willfully and maliciously with respect to his treatment of Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests:

a.    Economic losses Plaintiff sustained and will sustain as a result of the intentional infliction of emotional distress, including prejudgment interest on such amounts;

b.    Compensatory damages;

c.    Punitive damages as allowed by law against the individual Defendant in his individual capacity only;

d.    An award of reasonable attorneys' fees, costs, and litigation expenses; and

e.    Such other relief as the Court may deem just or equitable.

## COUNT VI

### (Assault)

71.    As against Defendants Cicero and Del Angel, Plaintiff restates and realleges by reference paragraphs 1 through 41 above as though fully set forth herein.

72.    Defendant Del Angel without cause or provocation assaulted and battered Plaintiff by engaging in and among the conduct set forth herein, *supra*.

73.    Defendant Del Angel's conduct caused Plaintiff to be placed in well-founded fear of her safety and well-being.

74.    Defendant Del Angel intentionally and unlawfully threatened and caused Plaintiff injury by force, which under the circumstances created in Plaintiff a well-founded fear of imminent peril.

75.    Defendant Del Angel had the apparent present ability to effectuate and complete the injury so offered and threatened.

76. Defendant Del Angel's touching and assault and battery of Plaintiff described herein, *supra*, were performed without Plaintiff's consent and against her will, and resulted in harmful and/or offensive contact to Plaintiff.

77. At all relevant times to this action, Defendant Del Angel knew or reasonably should have known that his conduct was harmful and/or offensive to Plaintiff.

78. Defendant Del Angel's actions as alleged herein, *supra*, were willful and intentional and were taken with wanton disregard of Plaintiff's well-being.

79. The actions of Defendants in intentionally engaging in and condoning the assault and battery of Plaintiff has caused her great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages, and constructive discharge.

WHEREFORE, Plaintiff respectfully requests:

   a.   Compensatory damages;

   b.   Punitive damages as allowed by law against the individual Defendant in his individual capacity only;

   c.   An award of reasonable attorneys' fees, costs, and litigation expenses; and

   d.   Such other relief as the Court may deem just or equitable.

Respectfully submitted,

*s/Dana L. Kurtz*

_____

Attorney for Plaintiff

*Electronically filed August 3, 2007*

Dana L. Kurtz, Esq. (ARDC# 6256245)
KURTZ LAW OFFICES, LLC
414 South State Street
Lockport, Illinois 60441
Phone: 815.838.0968
Facsimile: 312.893.2239
E-mail: dkurtz@kurtzlaw.us