IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ATHINA SOLOMOS, | |
| Plaintiff, | |
| v. | Case No. 07 C 3354 |
| TOWN OF CICERO, LARRY DOMINICK President of the TOWN OF CICERO, in his individual capacity, JOSE DEL ANGEL in his individual capacity, DEREK DOMINICK, in his individual capacity, | Honorable Rebecca R. Pallmeyer |
| Defendants. | |

**PLAINTIFF'S MOTION TO COMPEL**

Plaintiff ATHINA SOLOMOS by and through her attorneys, KURTZ LAW OFFICES, LLC, respectfully moves this court to compel Defendants to produce the following categories of documents and information: (a) information and documents relating to Plaintiff's complaints of sexual harassment and retaliation, and Plaintiff's allegations of Defendant's failure to take sufficient remedial action; (b) comparative disciplinary, training, evaluation, and personnel files and other documents related to comparative evidence; (c) information and documents relating to who had and/or was delegated with final policy-making authority; (d) a privilege log; (e) information relating to what was discussed as it relates to the investigation of Plaintiff's complaints and discipline of Plaintiff; and (f) a verification page attesting to the Town of Cicero's answers to Plaintiff's interrogatory requests have been sworn to under oath. In support of this Motion, Plaintiff states as follows:

1. Plaintiff Athina Solomos seeks redress for sexual harassment and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") (Count I); for violations of her right to equal protection as secured by

1

the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983 (Count II); for retaliation in violation of Title VII (Count III); for violations of her rights of free speech as secured by the First Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983 (Count IV); for intentional infliction of emotional distress in violation of Illinois law (Count V); and for assault in violation of Illinois law (Count VI).  Plaintiff Solomos seeks declaratory and injunctive relief as well as damages for her injuries.  Plaintiff Solomos claims she has been subjected to repeated and pervasive sexual harassment, discrimination, and retaliation, including but not limited to: being told by a supervisor that she could receive squad car maintenance in exchange for sexual acts; derogatory and demeaning remarks; suggestive sexual comments, all of which were unwelcome and offensive because of her gender; and placement on a less desirable shift in retaliation for her protests of gender discrimination and sexual harassment.

2.  Plaintiff has made several attempts pursuant to Rule 37.2 to resolve the discovery disputes addressed in this motion, including voluntarily limiting her first requests. (*See e.g.*, Plaintiff's counsel's March 12, 2008 letter, attached hereto as Exhibit A; *see also* Plaintiff's counsel's May 5, 2008 email, attached hereto as Exhibit B.)  However, the parties have reached an impasse.

I.  **SCOPE OF DISCOVERY IN EMPLOYMENT DISCRIMINATION CASES**

3.  Liberal discovery is routine in employment discrimination cases.  *See, e.g., Roirdan v. Kempiners*, 831 F.2d 690 (7th Cir. 1987) ("A plaintiff's ability to prove discrimination indirectly, circumstantially, must not be crippled by . . . crabbed notions of relevance."); *Trevino v. Celanese Corp.*, 701 F.2d 397, 405 (5th Cir. 1983) ("[U]nnecessary limitations on discovery is especially frowned upon in Title VII cases.")  A "request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject

matter of the action." *Gatewood v. Stone Container Corp.*, 170 F.R.D. 455, 458 (S.D. Iowa 1996) (internal quotations omitted).

## II. DEFENDANTS HAVE FAILED TO PRODUCE ANY INFORMATION RELEVANT TO PLAINTIFF'S COMPLAINTS OF SEXUAL HARASSMENT AND ALLEGATIONS THAT DEFENDANTS HAVE FAILED TO REMEDY COMPLAINTS

    4.    Plaintiff requested and is entitled to production of documents:

        a. Relating to the internal investigation into Plaintiff's complaints, (*see* Pl.'s Doc. Req. No. 7, incorporated into Cicero's Answers to Plaintiff's Document Requests, attached hereto as Exhibit C);

        b. Relating to the internal investigation into other complaints of sexual harassment from May 1, 2005 to the present, (*see* Pl.'s Interrogatories No. 10,[1] incorporated into Cicero's Answers to Plaintiff's Interrogatories attached hereto as Exhibit D; Pl.'s Doc. Req. No. 8, attached hereto as Exhibit C); and

        c. Relating to the internal investigation into documents related to sexual harassment training of employees, (*see* Pl.'s Doc. Req. No. 11, attached hereto as Exhibit C).

---

[1] Plaintiff's Interrogatory No. 10 asks:

> Did anyone ever complain to Defendant, or Defendant's employees and/or agents about the conduct of any employee of the Town of Cicero that related to discrimination based on gender and/or harassment? If the answer is yes, identify the type of discrimination alleged; the identity of the person making the complaint, the date the complaint was made, to whom, the disposition, and all communications that took place relating to said complaint.

Defendants did not object, and failed to answer, simply stating: "Cicero has an employee handbook that treats these matters as related to its employees; investigation continues. (*See* Def.'s Ans. to Pl.'s Interrogatory No. 10, Exhibit D.)

5. Defendants have objected to producing any of these documents despite the fact that they are relevant, admissible, and considered by courts to often be necessary to proving Plaintiff's claims. (*See* Defs.' Ans. to Pl.'s Doc. Req. Nos. 7,8,11, attached hereto as Exhibit C.)

6. Defendants have refused to produce the investigatory files, any statements made by Defendants and witnesses relative to Plaintiff's complaints, as well as relating to those other complaints of sexual harassment. (*See* Defs.' Ans. to Pl.'s Interrogatories Nos. 1, 3, 4, 5, 10, 11, 14, 15, attached hereto as Exhibit D; Defs.' Ans. to Pl.'s Doc. Req., Nos. 7,8,11;) Plaintiff's complaints and Defendant's alleged investigation of Plaintiff's complaints are relevant for obvious reasons, and there is no good faith basis for Defendants' failure to produce those documents.

7. Documents relating to other complaints of sexual harassment and gender discrimination and sexual harassment training of employees are relevant to proving Plaintiff's claims that Defendants failed to take proper remedial action. *See Butta-Brinkman v. FCA Intern., Ltd.*, 164 F.R.D. 475, 476 (N.D.Ill. 1995) (allowing discovery of other complaints of sexual harassment to prove failure to remedy); *see also E.E.O.C. v. Dial Corp.*, 156 F.Supp.2d 926, 949 (N.D.Ill. 2001) (discussing employee sexual harassment training as relevant to Plaintiff's failure to remedy claim).

8. Additionally, documents related to Defendant's internal investigation are discoverable. *See Anderson v. Marion County Sheriff's Dept.*, 220 F.R.D. 555, 563 (S.D.Ind. 2004) (finding investigatory privilege did not prevent disclosure of internal sexual harassment investigation); *Spina v. Forest Preserve of Cook County*, 2001 WL 1491524, *4 (N.D.Ill. 2001) (finding certain elements of plaintiff's case conclusively proven as sanction for defendant failing to turn over internal investigation file, personnel files, and policymaker documents); *Long v.*

*Anderson University*, 204 F.R.D. 129, 137 (S.D.Ind. 2001) (internal investigation documents not privileged because conducted as business policy in accordance with sexual harassment policy).

9. Defendants have used the investigatory files, and statements made by Defendants and witnesses at the deposition of Gus Van Pratt without disclosing those documents to Plaintiff's counsel. Defendant Town of Cicero has disclosed the investigators, R.E. Walsh and Associates, as having relevant information, but have failed and refused to produce the investigatory file, notes of investigators, the investigators names, witness statement, and other documents relating to Defendant's alleged investigation of Plaintiff's complaints. Plaintiff's requests for Defendant to produce these documents (and other relevant documents) have gone unanswered. Defendant has simply ignored the requests without response.

### III. DEFENDANTS HAVE FAILED TO PRODUCE RELEVANT COMPARATIVE DATA OF SIMILARLY SITUATED EMPLOYEES

10. Plaintiff requested and is entitled to production of personnel files of defendants and other employees to prove Plaintiff's claims of discrimination and retaliation. (*See* Pl.'s Doc. Req. No. 3, attached hereto as Exhibit C.)

11. Comparative data is relevant to establishing pretext <u>and</u> proving an unequal application of policies and rules. *See, e.g, Freeman v. Madison Metro Sch. Dist.*, 231 F.3d 374, 380 (7th Cir. 2000) (directed verdict reversed, court cannot bar comparative data or allowing consideration of pretext); *Bell v. EPA*, 232 F.3d 546, 553(7th Cir. 2000) ("[E]vidence of systemic disparate treatment is relevant to and probative of the issue of pretext."); *Hahn v. Village of Downers Grove*, No. 98 C 7281, 1999 WL 350861, at * 7 (N.D. Ill. May 26, 1999) ("[P]ersonnel records are relevant for the purpose of comparing the discipline sought against [plaintiff] with the discipline sought against other [employees].") Employment discrimination plaintiffs must be given access to the information necessary to establish the existence of discrimination, including

5

evidence going beyond specifics of their individual claims. *Lyoch v. Anheuser-Busch Co.*, 164 F.R.D. 62, 65 (E.D. Mo. 1995) *see also, Bell*, 232 F.3d at 553. A plaintiff may rely on any type of probative evidence that casts doubt on the legitimacy of Defendants' rationale, including direct, circumstantial, and statistical evidence, or "other bits and pieces from which an inference of discrimination can be drawn." *Troupe v. May Dep't Stores Co.*, 20 F.3d 734, 736 (7th Cir. 1994); *see also Martinez v. Village of Mount Prospect*, 92 F. Supp. 2d 780 (N.D. Ill. 2000) (defendants' practice of racial profiling of Hispanics is relevant and admissible in discharge case); *Gatewood*, 170 F.R.D. at 458 ("[I]nformation concerning the racial composition of defendant's workforce . . . and defendant's attitude and efforts to hire and promote minorities generally are discoverable.").

12. Plaintiff must be allowed to consider, analyze, and counter all of Defendants' decisions relative to Plaintiff's claims and subject those decisions to statistical and comparative analysis. *See Bell*, 232 F.3d at 553 (holding that "statistical evidence is only one small part of a substantial web of evidence indicating pretext"); *Kuhn v. Ballstate Univ.*, 78 F.3d 330, 332 (7th Cir. 1996) (ruling that plaintiff may "subject all of the employer's decisions to statistical analysis to find out whether age makes a difference").

13. The comparative data and requested personnel files are relevant to proving Plaintiff's claims that she was subject to harassment, discrimination and retaliation under the various statutes plead in the Complaint, and in the terms and conditions of her employment (disciplinary action, reassignment, and the performance of her duties); that she was subjected to a hostile work environment, sexual harassment and retaliated against for complaining.

14. Defendants also refuse to produce the personnel files of Defendants. Plaintiff is entitled to this information in that it is relevant to training the defendants' received, any

6

disciplinary action received, as well as any complaints about their conduct that may relate to discrimination, harassment, or retaliation. These files are also relevant to Plaintiff's theory that Defendant's have failed to remedy Plaintiff's complaints in that perpetrators of the harassment were rewarded with promotions.

15. Defendants have also refused to produce comparative documents related to other employees who were or were not involuntarily reassigned from their position. This information is necessary to prove Plaintiff's claims that she was reassigned to a less desirable shift and eventually removed completely from the department in retaliation for her opposition to sexual harassment and discrimination.

16. Plaintiff requested the following information relating to similarly situated employees during the period of May 1, 2005[2] to present:

    a.    the complete personnel, training, and disciplinary files of all persons in the same job classification as Plaintiff, (*see* Pl.'s Doc. Req. No. 3, attached hereto as Exhibit C);

    b.    the complete personnel, training, and disciplinary files of all persons who were involved in the decision, in whole or part, to investigate and/or discipline Plaintiff, to transfer Plaintiff to the midnight shift, and remove her from the positions she held before her complaints, (*see* Pl.'s Doc. Req. No. 3, attached hereto as Exhibit C);

    c.    the complete personnel, training, and disciplinary files of each individual Defendant, (*see* Pl.'s Doc. Req. No. 3, attached hereto as Exhibit C);

---

[2] In the interest of facilitating production of documents, Plaintiff will further limit her requests to the time period of May 1, 2005 to the present.

      d.      the complete personnel, training, and disciplinary files of any employee that worked in the Violations Department and/or Collector's Office who has had a complaint of sexual harassment, gender discrimination, and/or retaliation made against him from January 1, 2001 to the present, (*see* Pl.'s Interrogatory No. 10 (modified), attached hereto as Exhibit D);

      e.      all documents relating and referring to disciplinary action taken against any parking enforcement officer, and/or employee of the Violations Department and/or Collector's Office employed by Defendant Town of Cicero, (*see* Pl.'s Doc. Req. No. 3, attached hereto as Exhibit C); and

      f.      any documents relating to reassigning Plaintiff and any other employee to the midnight shift and moving her to the Building Department, (*see* Pl.'s Doc. Req. No. 13, attached hereto as Exhibit C).

    17.    Defendants refuse to produce any of information relating to comparative evidence and personnel files of the defendants and harassers. (*See* Def. Cicero's Answers to Plaintiff's Document Requests Nos. 3, 4, and 13, attached hereto as Exhibit C; *see also* Def. Cicero's Answers to Plaintiff's First Interrogatories, Nos. 1, 7, 9, 12,13, attached hereto as Exhibit D.)

    18.    This requested information is likely to lead to admissible evidence and is relevant to determining Defendants' treatment of persons in protected classifications, pretext, developing comparative data, developing or countering statistical data, and accounting for any variables. *See Bell*, 232 F.3d at 553; *Kuhn*, 78 F.3d at 332; *see also Kern*, 75 FEP Cases (BNA) at 817-18 (compelling identity and information on each person employed as a faculty member from 1972-1997).

**IV. DEFENDANTS HAVE FAILED TO PROVIDE ANY INFORMATION RELEVANT TO PLAINTIFF'S REQUESTS RELATING TO POLICY MAKING AUTHORITY**

19. Plaintiff requested and is entitled to production of information relevant to policymaking authority for the Town of Cicero.

20. Plaintiff alleges that Defendants Larry Dominick, Derek Dominick, and Jose Del Angel, acted with policy-making authority or were delegated with policy making authority. (Plaintiff's First Amended Complaint, Docket No. ¶ 16.)

21. Plaintiff requested information relevant to determine Cicero's policies and procedures in delegating final policy-making authority, including the following:

    a. The identity of each person from January 1, 2001, to the present, for assuring Defendant's compliance with state and federal discrimination, equal opportunity and affirmative action laws and for each such person and each person's responsibilities related thereto. . . . (*see* Pl.'s Interrogatory No. 16, Exhibit D);

    b. Copies of any and all Rules and Regulations, Policy and Procedures, Ordinances, and/or General Orders of the Town of Cicero in effect from 2002 to present that apply to non-union employees of the Town of Cicero Violations Department and/or Collector's Office, (*see* Pl.'s Doc. Req. No. 14, attached hereto as Exhibit C); and

    c. Any and all documents, described, identified, referred and/or responsive to Defendant's Answers to Plaintiff's First Set of Interrogatories; or which were read, reviewed, relied upon, or otherwise utilized in any manner in preparing Defendant's Answers to said Interrogatories, (*see* Pl.'s Doc. Req. No. 12, attached hereto as Exhibit C).

22. Defendants refused to provide any information or response. (*See* Def.'s Ans. to Pl.'s Doc. Req. Nos. 12 and 14, Exhibit C; Def.'s Ans. to Pl.'s Interrogatory, Nos. 16, 19, Exhibit D.)

23. In response to Interrogatory No. 16, which Plaintiff requested the identification of each person from January 1, 2001, to the present, for assuring Defendant's compliance with state and federal discrimination, equal opportunity and affirmative action laws, Defendant Cicero answered:

> All Cicero policy makers and department heads are empowered to act to stop and to discourage all violations of the U.S. Constitution once they have received notice of any alleged violations and to insure compliance with all applicable local, state and federal laws; investigation continues.

(*See* Def.'s Answer to Pl.'s Interrogatory No. 16, Exhibit D.) This answer fails to identify the identity of the "Cicero policy makers and department heads" and the other information requested in the Interrogatory Request. This information is relevant to Plaintiff's claims and should be answered.

24. This Court denied Defendants' motion to bifurcate *Monell* discovery. Therefore, Defendants cannot withhold the requested information and documents related to policymaking authority. (*See* 3/13/08 Order, Docket No. 70.)

25. The information and documents sought are highly relevant to Plaintiff's § 1983 claims which in part can be proven if the constitutional violations were at the hands of a policy maker with someone who was delegated with final policy-making authority.

## V. DEFENDANTS HAVE FAILED TO PRODUCE A PRIVILEGE LOG

26. Throughout Defendants' answers to Plaintiff's requests, Defendants assert attorney-client, work-product, and other non-descript privileges, but fail to provide a privilege log as required under Rule 26.

Federal Rule of Civil Procedure 26(b)(5) mandates that a party claiming privilege must produce a privilege log. Fed. R. Civ. P. 26(b)(5); *see also Abbott Lab.*, 2000 WL 1863543, at * 3. In compliance, Defendants must produce a privilege log listing each separate document they claim to be beyond discovery, described in the following separate categories. For each document, the log should identify the date, the author and all recipients, along with their capacities. The log should also describe the document's subject matter, purpose for its production, and a specific explanation of why the document is privileged or immune from discovery. These categories, especially this last category, must be sufficiently detailed to allow the court to determine whether the discovery opponent has discharged its burden of establishing the requirements expounded upon in the foregoing discussion. *Abbott Lab.*, 2000 WL 1863543, at * 3 (*quoting Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.*, 145 F.R.D. 84, 88 (N.D.Ill.1992)). Defe*ndants have the burd*en of establishing all of the elements of the claimed privilege. *Id.*

27.     Defendants have failed to identify what documents and information are withheld based on privilege and refused to provide Plaintiff with a privilege log. As such, Plaintiff is unable to discern or even argue if Defendants' claims of privilege are valid.

**VI.     DEFENDANT TOWN OF CICERO REFUSES TO IDENTIFY MATTERS DISCUSSED REGARDING PLAINTIFF AS IT RELATES TO DISCIPLINE AGAINST HER AND HER COMPLAINTS**

28.     Plaintiff requested that Defendant Town of Cicero identify each person involved in the investigation of Plaintiff's complaints, and for those individuals involved to "state every matter discussed, including but not limited to, the person's opinion, position and statements regarding Plaintiff, including whether plaintiff should or would be [] disciplined, [] investigated, and identify each and every fact, document and person upon which the person based his opinion, or reviewed in making a decision or reaching an opinion." (*see* Pl.'s Interrogatory Nos. 4, 5, attached hereto as Exhibit D).

29. Defendant Cicero identified Fran Reitz, R.E. Walsh & Associates, and Holly Tomchey as individuals involved in the investigation of Plaintiff and Plaintiff's complaints. (*See* Def. Cicero's Ans. to Pl.'s Interrogatory No. 4, attached hereto as Exhibit D).

30. However, Defendant Cicero refused to answer the matters discussed and each person's opinion, position, and statements regarding the reasons Plaintiff should be disciplined, investigated, and the facts upon which those opinions and decisions were based. (*See* Def. Cicero's Ans. to Pl.'s Interrogatory No. 5, attached hereto as Exhibit D).

31. Plaintiff is entitled to know what was discussed and the basis for Defendants' decisions to discipline her, move her to the midnight shift, and its decisions as it relates to her complaints of sexual harassment and retaliation.

32. Defendants cannot hide behind the cloak of attorney-client or attorney work product privilege for its investigation solely because a lawyer took part in the decision.

33. According to Defendant, the investigation of sexual harassment and discrimination complaints, are governed by the Employee Handbook. (*See* Def. Cicero's Ans. to Pl.'s Interrogatory No. 10, attached hereto as Exhibit D). Therefore, internal investigations into sexual harassment complaints are conducted as a business purpose and not protected by attorney-client privilege. The bald assertion of attorney involvement is not sufficient to establish attorney client privilege. *See, e.g., Neuder v. Battelle Pacific Northwest National Laboratory*, 194 F.R.D. 289, 297, 48 Fed. R.Serv.3d 929 (D.D.C. 2000) (citing *In Re Air Crash Disaster at Sioux City, Iowa*, 133 F.R.D. 515 at 524 (finding that assertion of legal advice was given is not a sufficient basis for claiming a privilege). *Neuder* makes explicit the following well-settled points of law applicable to this issue: a) "'when a committee inquires about the legal implications of a proposed decision to terminate an employee, the business purpose of the decision predominates

over the legal issues discussed.'" *Neuder*, 194 F.R.D. at 293. b) "when a meeting is required in order to determine the legal implications of an employment action, legal advice sought or received is incidental to considerations of what is most prudent for the successful operation of the business;" *Id*. c) "Where business and legal advice are intertwined, the legal advice must predominate for the communication to be protected." *Id*. at 292. d) "'a corporate client should not be allowed to conceal a fact by disclosing it to the corporate attorney." *Id*. e). "the mere fact that in-house counsel is present at a meeting does not shield otherwise unprivileged communications from disclosure." *Id*. at 293. f) "The party seeking to assert the privilege must show that the particular communication was part of a request for advice or part of the advice, and that the communication was intended to be and was kept confidential," . . . "'the mere attendance of an attorney at a meeting does not render everything done or said at that meeting privileged." *Id*. Thus, the internal investigation serves a primarily business purpose and is not protected by attorney-client privilege. Therefore, Defendant must answer Plaintiff's requests regarding the investigation of sexual harassment and discrimination complaints.

34. Defendant Cicero has also refused to identify who Plaintiff's supervisors were. Plaintiff requested Defendant to identify each employee who supervised Plaintiff. Defendant objected to this interrogatory as being "vague and ambiguous" and refused to answer. (*See* Def. Cicero's Ans. to Pl.'s Interrogatory No. 8, attached hereto as Exhibit D). The identification of Plaintiff's supervisors is relevant and Defendant should be required to answer this Interrogatory.

## VII. DEFENDANT TOWN OF CICERO FAILED TO VERIFY ITS ANSWERS UNDER OATH

35. Rule 33 requires that a party verify its answers to interrogatory requests: "each interrogatory must . . . be answered separately and fully in writing ***under oath***."

36. Defendant Town of Cicero failed to provide a Verification page and failed to verify its answers to Plaintiff's interrogatory requests under oath.

37. Plaintiff, therefore, requests the Court compel Defendant Town of Cicero to verify its answers under oath.

## CONCLUSION

**WHEREFORE**, for all the above reasons, plaintiff respectfully prays for an order compelling Defendants to produce the requested information.

Respectfully submitted,

ATHINA SOLOMOS

*s/Dana L. Kurtz*

Attorneys for Plaintiff

*Electronically filed on May 19, 2008*

Dana L. Kurtz, Esq. (ARDC# 6256245)
Heidi Karr Sleper, Esq. (ARDC # 6287421)
KURTZ LAW OFFICES, LLC
414 South State Street
Lockport, Illinois  60441
Phone:  815.838.0968
Facsimile:  312.893.2239
E-mail:  dkurtz@kurtzlaw.us
E-mail:  hsleper@kurtzlaw.us