1          IN THE UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF ILLINOIS
2                EASTERN DIVISION

3

4  ATHINA SOLOMOS,            )
                       )
5           Plaintiff,   )  Docket No. 07 C 3354
                       )
6        vs.          )
                       )
7  TOWN OF CICERO, et al.,   )  Chicago, Illinois
                       )  July 2, 2008
8        Defendants.   )  8:40 a.m.

9
           TRANSCRIPT OF PROCEEDINGS - Status
10     BEFORE THE HONORABLE REBECCA R. PALLMEYER

11
   APPEARANCES:
12

13  For the Plaintiff:     KURTZ LAW OFFICES LLC
                       BY:  MS. DANA L. KURTZ
14                   414 South State Street
                       Lockport, Illinois  60441
15

16  For the Defendants:    DEL GALDO LAW GROUP LLC
                       BY:  MR. GEORGE S. SPATARO
17                   10526 Cermak Road, Suite 300
                       Westchester, Illinois  60154
18

19                   TOBIN, PETKUS & MUNOZ LLC
                       BY:  MR. CRAIG D. TOBIN
20                         MR. TOMAS PETKUS
                       Three First National Plaza
21                   70 West Madison, Suite 1950
                       Chicago, Illinois  60602
22

23  Court Reporter:        FRANCES WARD, CSR, RPR, FCRR
                       Official Court Reporter
24                   219 S. Dearborn Street, Suite 2118
                       Chicago, Illinois  60604
25                   (312) 435-5561
                       frances_ward@ilnd.uscourts.gov

1          THE CLERK:   07 C 3354, Solomos versus Town of

2    Cicero for status.

3          MR. SPATARO:   Good morning, Judge.

4          Judge, I am George Spataro.   I represent the Town

5    of Cicero.

6          MR. TOBIN:   Craig Tobin on behalf of individual

7    defendants.

8          MR. PETKUS:   Tom Petkus for the individual

9    defendants.

10          MR. SPATARO:   Judge, thanks for letting me come

11   today.

12          THE COURT:   I am happy to have you come today.

13          Where is plaintiff's counsel?

14          MR. SPATARO:   I can't tell you that.

15          THE COURT:   Let's give her a call.

16          MR. SPATARO:   I think she called.

17          (Brief pause.)

18          THE COURT:   Apparently she was in an accident and

19   will be ten minutes late.   We will have to recall it when she

20   gets here.

21          (Brief pause.)

22          THE COURT:   Here she is.

23          MS. KURTZ:   Dana Kurtz for the plaintiff.

24          MR. SPATARO:   Judge, I would like to -- can I hand

25   up two things to your clerk, please?

1         THE COURT:  Sure.

2         MS. KURTZ:  Can I know what they are?

3         MR. SPATARO:  Sure.  They are my two June 2 letters

4    to you and my June 6 -- 4th letter to you and the documents

5    that were produced for Mr. Del Angel and Mr. Derek Dominick's

6    personnel files.

7         (Documents tendered.)

8         MR. SPATARO:  Judge, by the way, what I didn't hand

9    up is -- I didn't hand up everything in these three binder

10   books back here.  There's three of them like this

11   (indicating) that are full of all of the documentary

12   production that has been sent and -- Bates stamped and sent

13   to the plaintiff's attorney.  There's three full volumes of

14   them.

15        THE COURT:  Wonderful.

16        It's not the volume.  Ms. Kurtz says that some of

17   the material that she expected to get, she hasn't gotten yet.

18   I just want to make sure we get that straightened out.

19        MR. SPATARO:  I can answer that.  I know what I

20   have been told that I needed to come ready to answer.  I have

21   got my answers written down for you, if I could just tell

22   you.

23        If you recall, we convened court on -- I think it

24   was the 22nd of May here in the courtroom.  And you learned,

25   just from the brief time that the parties spoke to you, that

1   this was going to be something that couldn't get done right

2   away and that you wanted us to come back the next day.

3           I couldn't come back the next day because I was

4   leaving that day on a flight to Denver, Colorado.  So what we

5   did was -- is, we had a telephonic conference -- yourself,

6   myself, and attorney Kurtz -- on the 23rd of May.

7           And during that telephonic conference -- and the

8   reason that I feel a little stifled is because I can't reach

9   out for a transcript of this telephonic conference because I

10  don't think that it was recorded in any fashion.

11          THE COURT:  Correct.

12          MR. SPATARO:  But at that time when we were talking

13  about documents that needed to be produced and

14  interrogatories that needed to be further answered, I

15  explained to your Honor that when Larry Dominick came in on

16  May 10th of 2005, as we were -- as he was coming into the

17  town, the shredder trucks were leaving the town.  And the

18  prior administration, I think, disposed of lots of files and

19  documents.  They were shredded.

20          And the prior administration was the administration

21  that had been appointed by Betty Loren-Maltese when she went

22  to prison.

23          Not only can we not answer for them, but we can't

24  produce what we don't have.

25          I explained to you that since Larry Dominick came

1    in on May 10th of '05, he appointed Derek Dominick as the

2    director of human resources, personnel director, whatever

3    name you want to attach to it.

4            All the practices, all the procedures changed at

5    that point in time.

6            So what I said to you was -- is that, number one,

7    none of the plaintiff's claims in this case have anything to

8    do with anything done by the prior administration.  All of

9    her complaints have to do with things that occurred since

10   Larry Dominick and Derek Dominick and Del Angel came in.

11           So I explained to you that I could only produce

12   everything from May 10 forward.  And my recollection -- and

13   please, don't think that I am trying to be obstinate and

14   don't think that I am trying to be confrontational with you.

15           My recollection is that you said that, okay, at

16   this point you produce everything from 5-10 on, and then, if

17   the plaintiff thinks she needs more, you guys work it out.

18   And I think that that's the way it went.

19           And I want to show you.  If you look at what I

20   handed you, the small packet, there are three documents at

21   the top of the small packet.  The first one is a June 2

22   letter, next is a June 2 letter, and next is a June 4 letter.

23   And if you look through those letters, you will find that I

24   complied on the date you told me to.

25           Now, let's not forget.  I was in Denver, Colorado,

1    when I got your order.  I got back in Chicago on the 27th of

2    May.  My birthday happened to have been the 29th of May, and

3    I still was able to muster and do all of these things that

4    you told me to do.

5            If you see, we had a conversation during our

6    telephone call about the EEOC documents.  Here's the EEOC

7    documents.  About the transfers of parking employment.

8            And I don't want to belabor this, but look all the

9    way down to F on the first June 2 letter.  It says "Bates

10   stamped documents" number such and such to such and such,

11   consisting of documents from defendant Del Angel's personnel

12   file from May 10th of '05 to the present.  Okay?

13           And if you look to the next document, which is our

14   further answers to interrogatories, which is the June 2

15   document, you will see that all of my interrogatories that

16   you told me that I needed to additionally answer -- and it's

17   the second June 2 letter -- all of them except No. 1, where I

18   am just listing names of people, all of them are couched

19   around the May 10, '05 date, which is the date I am positive

20   that we spoke about.

21           And then, after I discovered a couple of more

22   things -- in other words, I had to go and I had to find out,

23   does Larry Dominick, as the president of the Town of Cicero,

24   have a personnel file?

25           And on my June 4th answer, I wrote to attorney

1    Kurtz, and I said, "There is no personnel file.  However, he

2    has a pension file and a payroll file."

3              Judge, I can't imagine how the pension file and the

4    payroll file for Larry Dominick -- in other words, it has the

5    dates he gets paid and how much he gets paid.  I can't see

6    how that has -- what -- and then the Derek Dominick files, I

7    gave her the Derek Dominick files since May 10 of '05.

8              And I wasn't trying to be -- to make up my own

9    rules.  That's not what I was trying to do.  I was trying to

10   follow yours.

11             And one other thing.

12             THE COURT:  I think there has been a

13   misunderstanding, Mr. Spataro.

14             I didn't think that you weren't -- that you hadn't

15   complied or that you are not playing by the rules or that you

16   are ignoring me.  That's not why we are here.

17             We are here because yesterday, to my dismay,

18   Ms. Kurtz says she still doesn't have what she needs.

19             So I think what we ought to hear from is Ms. Kurtz,

20   and she can tell us what's missing, and then you could

21   respond and say, it doesn't exist, or I produced it.

22             MR. SPATARO:  Let me tell you just one last thing.

23             Since June 4th I haven't received a single letter,

24   e-mail, document, motion, or nothing from Ms. Kurtz saying --

25             THE COURT:  Okay.  No Rule 37 conference?

1          MR. SPATARO:   No.

2          THE COURT:   Why don't you go out in the hall and

3    have your Rule 37 conference right now and then step back in.

4    Thank you.

5          MR. SPATARO:   Judge, I am on trial.  I am in the

6    middle of a trial.

7          THE COURT:   Ms. Kurtz, could you talk things over

8    with Mr. Spataro quickly so that he can get back to his

9    trial?

10         I don't want this to linger.  I don't want it to

11   linger.

12         MS. KURTZ:   And I did send an e-mail after

13   Dominick's deposition that we still have not received certain

14   documents.

15         THE COURT:   You didn't get an e-mail.

16         MR. SPATARO:   I don't have an e-mail saying

17   anything about there are deficiencies with this.

18         Now, if we are going to go outside and she is going

19   to say to me --

20         THE COURT:   You know what?  That's not going to

21   happen.

22         Stop.

23         Tell me right now, Ms. Kurtz, what's missing.

24         MS. KURTZ:   Your Honor, with respect to No. 1 from

25   your order of 5-23-08 -- that's what I am going off of --

1    "Any other complaints of sexual harassment."

2        The only file we have received is with respect to

3    Athina Solomos.

4        Derek Dominick testified that there were at least

5    five other complaints that he was aware of, of sexual

6    harassment.  We are aware of Janidet Lujano, Sindy Mejia.

7    Even in their answers to interrogatories, they referred to a

8    Rosey Soldano, I believe.  Her last name, I don't have the

9    spelling.

10        None of those documents have been produced.

11        With respect to No. 2, answer to Interrogatory

12    No. 10 also asks about other complaints of sexual harassment.

13    Your order says, "Provide a 'yes' or 'no.'  If the answer is

14    'yes,' the additional specific information requested."

15        We do not have information as to the other

16    complaints of sexual harassment.  Other than Athina Solomos,

17    Ms. Mejia, and Lujano, there is also the Rosey Soldano, and

18    there were other questions with respect to those

19    interrogatories that were not answered.

20        No. 3, the personnel files, "All persons who held

21    plaintiff's job title."  Those have not been produced.

22        We have José Del Angel, limited from May 10th of

23    '05; Derek Dominick, limited from May 10th of '05; the

24    plaintiff, which is -- her personnel file is quite thick, the

25    entire file, not limited to May 10th of '05.  But nobody

1    else.   So that is 3(a).

2            "All persons in the town against whom complaints of

3    sexual harassment have been made."   We don't have that, which

4    is 3(b).

5            3(c).   "All persons who made decisions regarding

6    discipline, transfer, or the evaluation of the plaintiff,

7    including Fran Reitz."   We don't have her personnel file.

8            All of the named defendants.

9            So I indicated we have José Del Angel and what they

10   produced limited to May 10th, and to Derek Dominick.

11           Then, there is also No. 7 of your order, a

12   privilege log identifying any documents withheld from

13   production, if any.   No privilege log was produced.

14           And an appropriate sworn verification of its

15   interrogatory answers and document production.   It was signed

16   by an agent, but it was not verified.

17           MR. SPATARO:   Judge, with regard to the privilege

18   log, we can deal with that right away.

19           On my first June 2 letter, on the second page it

20   says, "Cicero's answers to requests to produce that were sent

21   to you by attorney Tomchey on January 29th, 2008, with

22   287 Bates-stamped pages of documents recites that the answers

23   to various requests that, 'certain responsive documents are

24   protected from disclosure.'"

25           I have discussed this phrase with attorney Tomchey,

1   and she has informed me that she meant to say that there may

2   be such documents, not that there are such documents that are

3   not being produced.

4           So far, I have reviewed all documents collected and

5   I have produced them to you, pursuant to your request and

6   pursuant to the Court's limits as were stated in our May 23rd

7   conference.

8           I am telling her that there is no privilege log to

9   make.  I have given her everything.

10          THE COURT:  Okay.  That's not quite the way I would

11  read your letter, but you have now clarified.  So that's

12  fine.

13          We now have a determination.  It's on the record.

14  There aren't any documents being withheld.  That's one issue

15  that's been resolved.

16          What about the other complaints?

17          Apparently, as counsel explained a moment ago,

18  there were other complaints of sexual harassment, five others

19  of which she is aware.  Documents have been produced with

20  respect to plaintiff only.

21          MR. SPATARO:  Judge, can I -- Mr. Tobin, with

22  regard to what Derek Dominick said -- I wasn't at Derek

23  Dominick's deposition.  Mr. Derek Dominick is Mr. Tobin's

24  client, and I know he wants to tell you something.

25          MR. TOBIN:  Judge, Ms. Kurtz wasn't there, but

1   Derek Dominick did not testify that there were actually five

2   complaints.  What he said is, there is five or less.

3            THE COURT:  Okay.

4            MR. TOBIN:  It was actually a humorous moment

5   because Ms. Kurtz's associate said, well, we know of three.

6   He said, those are the three.  I don't know if there's any

7   more after that.  I made a joke about she represents all of

8   them anyway.  Check your files.  See if there's any more.

9            So Mr. Dominick did not assert there were five new

10  claims at his deposition.

11           And I am just saying that because I did produce

12  him.  He has given a deposition.

13           We have had some things moved forward in this case.

14           THE COURT:  Five or fewer have been --

15           MR. TOBIN:  He actually said, I think it's three.

16           THE COURT:  All right.

17           MR. TOBIN:  She asked --

18           THE COURT:  Fair enough.  Stop at three.

19           Have the files on the three been produced?

20           MR. SPATARO:  They are all three plaintiffs in

21  three cases that attorney Kurtz represents.

22           THE COURT:  I am sorry.  I am not trying to be

23  pedantic.  That's not an answer to my question.

24           Have those documents been produced?

25           MR. SPATARO:  Judge, it's my understanding that

1    what's been requested in this case has been produced.   We

2    produced things in the other two cases.

3              THE COURT:   I apologize.   There was a

4    misunderstanding.

5              My order said -- and apparently it wasn't phrased

6    clearly.

7              The documents from the other complainants should be

8    produced in this case.

9              MR. SPATARO:   Okay.   I will produce them all in

10   this case.

11             THE COURT:   I will order, once again, that that

12   happen, and I will direct that that happen within seven days.

13             MS. KURTZ:   Your Honor, there is also Rosey Soldano

14   that we are aware of.   I do not represent Rosey Soldano.

15             And I am aware with respect to at least Lujano -- I

16   don't know about Rosey Soldano with respect to who

17   investigated that.   But I know with respect to Lujano that

18   the internal affairs or inspector general's office for the

19   town investigated that.   None of those documents have been

20   produced with regard to the investigation.

21             MR. SPATARO:   Judge, it's my belief, if I am

22   recalling correctly, that in the beginning days of the trial

23   that I am on, I received, I think, a complaint with a

24   plaintiff named Rosey Soldano.   Now, that's definitely the

25   first time I learned about that.

1    I have been on trial since June 20th.  So I am

2    trying to keep up with the new things that happen in Cicero

3    all the time, but --

4         THE COURT:  So Ms. Soldano's complaint is

5    brand-new?

6         MR. SPATARO:  Yes, it's a brand-new complaint.  I

7    don't know if it's even filed --

8         THE COURT:  Documents --

9         MR. SPATARO:  -- in this court or in the state

10   court.  I don't recall that.  S-a-l-d-a-n-o, I think it is.

11        THE COURT:  Sometimes there are complaints even

12   before a lawsuit is filed.  Sometimes there are internal

13   documents.  That wouldn't be unusual.

14        So we would expect that the documents regarding the

15   three plus Rosey Soldano be produced in this case to

16   Ms. Kurtz.  And I am going to direct that that happen within

17   seven days.

18        MR. SPATARO:  Judge, I can do that because we are

19   not going to be having trial this Friday, and I can spend the

20   4th working on that.

21        THE COURT:  Okay.  Let's talk about some of the

22   other issues that were raised.

23        With respect to the May 10th, '05 date, I

24   understand, from what you said a moment ago, that the

25   previous administration destroyed documents or drove them out

1   of town on May 10th. And I don't think there can be any

2   dispute that you can't produce documents that don't exist.

3           MR. SPATARO: Thank you.

4           THE COURT: That doesn't mean that if there are

5   some documents that didn't wind up on this truck on the way

6   out of town that the defendant isn't required to look for

7   them.

8           MR. SPATARO: The three defendants in this case did

9   not work for the Town during the prior administration.

10          THE COURT: Well, but the defendant --

11          MR. SPATARO: They all came in with Larry Dominick.

12  During --

13          THE COURT: But the caption of the case -- is this

14  wrong? Is the Town of Cicero still a party?

15          MS. KURTZ: Yes.

16          MR. SPATARO: Yes. Cicero, Larry Dominick, Derek

17  Dominick, and José Del Angel.

18          THE COURT: So the Town of Cicero -- whether the

19  previous administration took everything or 90 percent of the

20  stuff or 50 percent of the stuff and drove it out of town,

21  there may still be some materials in the custody of the Town

22  of Cicero, which is a defendant.

23          MR. SPATARO: Okay.

24          THE COURT: So the individuals, right, they

25  presumably don't have access to all the files. But the Town

1   of Cicero is a defendant and the Town would need to produce

2   materials, if they haven't all been destroyed.

3          Obviously, once again, just a reminder, no need to

4   produce something that doesn't exist.  That would be

5   impossible.

6          But any documents in the Town's possession, whether

7   or not they predate May 10, if they are responsive, should

8   be --

9          MR. SPATARO:  From the personnel files?

10         THE COURT:  Correct.

11         MR. SPATARO:  Okay.

12         THE COURT:  Now, there has been a further response

13   to Interrogatory No. 10, the yes or the no?

14         MR. SPATARO:  Yes, your Honor.  And the further

15   response to Interrogatory No. 10 was this.  It's on Page 2.

16         THE COURT:  Right.

17         MR. SPATARO:  "Yes.  Since May 10, plaintiff,

18   Ms. Gross, Ms. Mejia, and Ms. Lujano have complained to

19   Cicero about being alleged victims of discrimination based

20   upon sex or sex-based discrimination.  Investigation

21   continues."

22         So now I think -- you know, now we have Rosey

23   Soldano that can be added to this answer since June 2.

24         THE COURT:  Okay.  So there would be four.

25         But note that the order that I entered requires

1    that you provide the additional specific information that was

2    requested in the interrogatories.

3                Remember -- if you go back to Ms. Kurtz's original

4    interrogatory, she asked a question, "If 'yes,' provide" X,

5    Y, Z.   It's the X, Y, Z that's not here.

6                MR. SPATARO:   I think it's in these volumes of

7    documents that have been produced.

8                MS. KURTZ:   If I may, your Honor?

9                I have the interrogatory.   "If 'yes,' identify the

10   type of discrimination alleged, the identity of the person

11   making the complaint, the date the complaint was made, to

12   whom, the disposition, and all communications that took place

13   relating to said complaint."

14               THE COURT:   Now, of course, that interrogatory

15   hasn't been answered, Mr. Spataro.

16               MR. SPATARO:   No.

17               THE COURT:   Now, if the answers are all provided in

18   documents, fine.   But then your responsibility is to identify

19   the documents in which that information is disclosed.   That's

20   the way to respond to that Interrogatory No. 10.

21               MR. SPATARO:   ID all docs responsive.   Okay.

22               THE COURT:   Not responsive but that relate to those

23   questions that Ms. Kurtz asked in Interrogatory No. 10.

24               MR. SPATARO:   That have the answers in them to

25   those questions.

1          THE COURT:  Okay.  Interrogatory -- the next item

2    on the order refers to personnel files for persons who held

3    plaintiff's job title, all persons in the town against whom

4    complaints were made, and persons who made decisions

5    regarding plaintiff, in addition to all defendants.

6          MR. SPATARO:  Plaintiff's job title, Judge, is a

7    parking enforcement officer.  I mean, she is not -- I don't

8    think that she had an exempt position or something higher

9    than just an employee.

10         THE COURT:  Right.  So there are others in that

11    slot, right?

12         MR. SPATARO:  Oh, yeah.  There are other parking

13    enforcement officers.

14         THE COURT:  Sure.  And that's what was requested

15    here.

16         MR. SPATARO:  Can I redact out their home

17    addresses and their --

18         THE COURT:  Of course.  Absolutely.

19         MR. SPATARO:  -- and their social security numbers

20    and all that?

21         THE COURT:  In fact, Mr. Spataro, my order says,

22    "provided that medical information, home addresses, social

23    security, IRS information may be redacted from all these

24    files."  We have gone over this ground.  I have already

25    directed that material should all be redacted.

1    I do want this order complied with, so I am going

2  to direct that No. 3 on my order be complied with, once

3  again, within seven days.

4    MR. SPATARO:  Okay.

5    THE COURT:  All right.  The next one is documents

6  relating to reassignment of plaintiff or any other parking

7  enforcement employee to the midnight shift.

8    Has that happened?

9    MS. KURTZ:  Yes, Judge.  I did not go over 4 or 5.

10  I believe 4 and 5 have been complied -- we do have documents

11  responsive to those.

12    We started at 7 with the privilege log that you

13  addressed.

14    THE COURT:  Privilege log is not a problem.

15    And we still need a sworn verification of the

16  interrogatory answers.

17    MR. SPATARO:  Okay.

18    THE COURT:  All right.

19    MS. KURTZ:  Judge, the other thing we started to

20  talk about was deposition dates.

21    We did send a notice of deposition for a number of

22  depositions.

23    I understand Mr. Spataro is on trial.  I sent him

24  and Mr. Tobin an e-mail indicating all other available dates.

25  And if those witnesses could not be available -- the dates we

1    listed, Judge, were June 23rd; June 24th; June 30th;

2    July 1st, 2nd, 3rd; and then July 17th.

3              And there was also a 30(b)(6) notice.

4              So I have given them some dates.

5              I understand Mr. Spataro is on trial, and we are

6    trying to work out those dates with respect to those

7    depositions.

8              MR. SPATARO:  Judge, we have scheduled depositions,

9    too, that have been unilaterally canceled by the plaintiff's

10   counsel.

11             With regard to the 30(b)(6) -- is that the

12   witness? -- we wrote -- I wrote a letter to attorney Kurtz,

13   and I said the Town of Cicero is broken down into

14   departments.  And there is a person who has the most

15   knowledge about each department, but there is no one person

16   that has the most knowledge about every department.

17             And I think that she has already noticed the

18   depositions of the persons with the most knowledge; i.e.,

19   Holly Tomchey, Fran Reitz.  Those are the people with the

20   most knowledge.  And their deps have already been noticed by

21   attorney Kurtz.

22             THE COURT:  Then all you need to do is identify

23   those individuals as the 30(b)(6) witnesses.

24             MR. SPATARO:  Okay.  So 30(b)(6).

25             May I mention one other thing?

1    THE COURT:   Sure.

2    MR. SPATARO:   I am on trial with my cocounsel

3    Zimmer.   The two of us make up basically a three-attorney

4    litigation department.   Two of us are on trial, and the other

5    one is scrambling -- who you saw here yesterday -- scrambling

6    to go to three people's court dates.

7         So the 17th of July date isn't a bad date, but we

8    can't cram all the deps into that date.

9         We are scheduled to be on trial and end on the 11th

10   of July, all things working.   But I got to tell you, it's

11   been going slow.

12   MR. TOBIN:   Judge, could I give you a little

13   positive spin on some of these things?

14   THE COURT:   Sure.   That would be great.

15   MR. TOBIN:   We have begun the plaintiff's

16   deposition, Ms. Solomos.   We started late in the day, so it

17   had to be continued.

18        Also, on the eve of her deposition, we received an

19   audiotape which will be the subject of, hopefully, an agreed

20   protocol to have examined.

21        Her dep, I assume there will be no problem in

22   rescheduling.   I talked to Ms. Kurtz about it.   She has

23   agreed.

24        We also took the deposition of a witness,

25   Van Pratt, who was identified by the plaintiff as a witness

1    with knowledge.

2         I produced the defendant Derek Dominick, whose

3    deposition has also gone forward.

4         So there has been an effort to move -- at least on

5    our part, to move these forward.

6         One of the problems here is not just Mr. Spataro's

7    schedule, but Ms. Kurtz's schedule and all the other lawyers.

8    And there is going to have to be an opportunity to work out

9    the remaining dates.  And I think that we are all adults and

10   we can manage to have that happen.

11        But we have been going forward on those that we

12   could.

13        And there are probably some other discovery issues

14   we will visit with you.  This tape is going to be extremely

15   important, I think, for both sides.

16        One of the defendants was tape-recorded unbeknownst

17   to himself, and there is a lot of background noise and other

18   discussions on the tape that we will need an expert to have

19   examine the tape.  But I would like to try to resolve that

20   with Ms. Kurtz before I come to the Court.

21        With that, I think that the remaining defendants

22   can be scheduled.  We just have to work around everyone's

23   schedule.  And that shouldn't be too difficult.

24        THE COURT:  Good.  Well, it sounds like July 17th

25   is a date at least -- on which at least some of the

1    depositions will take place.

2             What I would like to do is set a status the

3    following week and see where you are at that point.

4             I know your discovery close date is July 31st.

5             Why don't we set a status for July 28th -- that's a

6    Monday -- at 9:00 o'clock.

7             MR. SPATARO:  July -- this happens to me every

8    time.  I am sorry.

9             I am scheduled to be out of town from the 25th

10   through the 3rd.

11            THE COURT:  Through the 3rd of August?

12            MR. SPATARO:  Yes, ma'am.

13            THE COURT:  All right.  Well, then, why don't we do

14   it a little earlier?  How about the 22nd of July.

15            MR. SPATARO:  Is that okay?

16            MR. TOBIN:  I agree to anything.  I don't have my

17   calendar.

18            MR. SPATARO:  Would that be an 8:30 status, Judge?

19            THE COURT:  That would be 9:00 o'clock.

20            MR. TOBIN:  Thanks for moving us up.

21            MS. KURTZ:  Thank you, your Honor.

22            THE COURT:  Thank you.

23            MR. SPATARO:  Thanks, Judge.

24            MS. KURTZ:  Again, I apologize to counsel and your

25   Honor for being late.

1           THE COURT:  No problem.

2         MS. KURTZ:  Thank you.

3               *   *   *   *   *

4  I certify that the foregoing is a correct transcript from the
record of proceedings in the above-entitled matter.

5

6  F_____ _____, 2008.
Official Court Reporter

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25