IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ATHINA SOLOMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 C 3354 |
| v. | ) | |
| | ) | |
| THE TOWN OF CICERO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CICERO'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH THE COURT'S JULY 22, 2008 ORDER

The Town of Cicero, by its attorneys George S. Spataro, Esq., and K. Austin Zimmer, Esq., of the Del Galdo Law Group, LLC, offers the following in Response to Plaintiff's Motion to Compel Compliance with the Court's July 22, 2008 Order:

1.  On July 22, 2008 the Court ordered Cicero to additionally produce:

    1) A formal privilege log;

    2) Plaintiff's internal affairs complaint;

    3) A further response to interrogatory #10 (identify person who made complaint; person to whom the complaint was made, the date, and the disposition);

    4) Files of all persons against whom complaints of sexual harassment were made, including but not limited to Mr. Del Angel; and

    5) A further response to interrogatory # 4 (personnel files of all persons who made decisions regarding discipline of Plaintiff; Fran Reitz and Holly Tomchey).

Additionally, Cicero was ordered to confer promptly regarding the location of Attorney Del Galdo's deposition, and further status on discovery was set for October 1, 2008.

2. On July 23, 2008 attorney Spataro drafted a memo to Jim Klosak, Cicero Inspector General, to request Plaintiff's August 2006 Complaint made to Cicero Internal Affairs Department, and any other documents he could find in the department regarding Plaintiff (see attached memo, Exhibit A). The department memo was typed, dated and transmitted on July 24, 2008;

3. On July 24, 2008 at 4:46pm, Klosak provided a memo and a seven (7) page document to Spataro's clerk, representing the August 2006 Internal Affairs Division Complaint by Plaintiff. The Klosak memo further reported "several other matters on file involving Solomos" are possessed by Cicero Internal Affairs Division, and asked if he needed to additionally send them (see attached memo and documents, Exhibit B);

4. On July 25, 2008[*] at 10:35am, attorney Spataro faxed the Klosak memo and documents to attorney Kurtz (see attached fax confirmation, Exhibit C);

5. On July 25, 2008 at 11:20am, attorney Kurtz faxed attorney Spataro requesting the additional documents identified in the Klosak memo, and stated that attorney Scarlato could bring them to her office on Monday July 28, 2008 when he attends the deposition of James Martin of R.E. Walsh and Associates, Cicero's independent investigators. Attorney

---

[*] On Friday, July 25, 2008, Attorney Spataro went out of state for a previously planned vacation and he returned Sunday, August 3, 2008.

      Scarlato delivered the additional Internal Affairs Division documents referring to Plaintiff, to attorney Kurtz on July 28, 2008 at her office in Lockport, Illinois;

6. Also on July 25, 2008 attorney Spataro wrote to attorney Kurtz via fax regarding deposition issues (see attached letter, Exhibit D);

7. On July 28, 2008 attorney Spataro's staff sent a memo to Fran Reitz with Cicero's Amended Interrogatory answers, to review, sign and return (see attached memo, Exhibit E);

8. On July 20, 2008 attorney Kurtz filed the instant motion to compel;

9. Upon his return to work from vacation on August 4, 2008, attorney Spataro prepared and provided attorney Kurtz via fax, Cicero's Privilege log (see attached log and fax confirmation, Exhibit F);

10. On August 4, 2008 attorney Spataro retrieved the signed amended interrogatory answers;

11. On August 4, 2008 attorney Spataro wrote to attorney Kurtz and complained of her unilateral cancellation of the Tomchey deposition, the Reitz deposition and the Kennedy deposition (see attached letter and fax confirmation, Exhibit G);

12. On August 4, 2008 attorney Spataro wrote to attorney Kurtz regarding Cicero's compliance with the Court's July 22, 2008 order (see attached letter, documents, and fax confirmation, Exhibit H). In the letter, attorney Spataro additionally answers Interrogatories # 10, # 4, # 6, # 8, and # 16,

and, tenders newly discovered documents to seasonably update the prior discovery responses/production);

13. Also, on August 4, 2008, all attorneys of record conducted a telephonic conference on pending discovery matters. During the conference attorney Kurtz said she still needs the personnel filed for other town employees who have been accused of sexual harassment during the Dominick administration in addition to Mr. Del Angel;

14. On August 5, 2008 Cicero's attorneys requested copies from The Town these additional personnel files;

15. On August 6, 2008 the deposition of Michael T. Del Galdo, Esq. was taken by attorney Kurtz at the Del Galdo Law Group's offices;

16. As soon as attorney Spataro receives the additional personnel files from The Town he will provide copies to attorney Kurtz;

17. Cicero has substantially complied with the Court's July 22, 2008 order. The new motion to compel by Plaintiff's counsel is unwarranted and is only an attempt to depict Cicero and its attorneys as non-compliant. In fact, the opposite is true. Cicero and its attorneys have worked hard to comply and to participate in discovery in a meaningful fashion, and, are in substantial compliance with the Court's July 22, 2008 order.

WHEREFORE, Cicero requests this Court to deny Plaintiff's motion to compel and for sanctions.

Respectfully Submitted

The Town of Cicero

By: s/ *George S. Spataro, Esq.*
George S. Spataro, Esq.

George S. Spataro, Esq. #3126416
K. Austin Zimmer, Esq. #6276227
Del Galdo Law Group, LLC
10526 W. Cermak Road, Suite 300
Westchester, IL 60154
708-531-8800