```
 1              IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ILLINOIS
 2                       EASTERN DIVISION

 3

 4    ATHINA SOLOMOS,                )
                                     )
 5              Plaintiff,           )  Docket No. 07 C 3354
                                     )
 6         vs.                       )
                                     )
 7    TOWN OF CICERO, et al.,        )  Chicago, Illinois
                                     )  February 9, 2009
 8              Defendants.          )  9:13 a.m.

 9
               TRANSCRIPT OF PROCEEDINGS - Status
10           BEFORE THE HONORABLE REBECCA R. PALLMEYER

11
      APPEARANCES:
12

13    For the Plaintiff:       KURTZ LAW OFFICES LLC
                               BY:  MS. DANA L. KURTZ
14                             414 South State Street
                               Lockport, Illinois  60441
15

16    For the Defendants:      DEL GALDO LAW GROUP LLC
                               BY:  MR. GEORGE S. SPATARO
17                             10526 Cermak Road, Suite 300
                               Westchester, Illinois  60154
18

19                             TOBIN, PETKUS & MUNOZ LLC
                               BY:  MR. CRAIG D. TOBIN
20                                  MR. TOMAS PETKUS
                               Three First National Plaza
21                             70 West Madison, Suite 1950
                               Chicago, Illinois  60602
22

23    Court Reporter:          FRANCES WARD, CSR, RPR, FCRR
                               Official Court Reporter
24                             219 S. Dearborn Street, Suite 2118
                               Chicago, Illinois  60604
25                             (312) 435-5561
                               frances_ward@ilnd.uscourts.gov
```

```
 1              THE CLERK:  07 C 3354, Solomos versus Town of
 2    Cicero on a motion.
 3              MR. TOBIN:  Good morning, your Honor.
 4              Craig Tobin on behalf of the individual defendants.
 5              THE COURT:  Good morning, Mr. Tobin.
 6              MR. PETKUS:  Tom Petkus for the same defendants.
 7              THE COURT:  Good morning.
 8              MR. SPATARO:  George Spataro for Town of Cicero,
 9    your Honor.
10              Good morning.
11              THE COURT:  Good morning.
12              MS. KURTZ:  Good morning, your Honor.
13              Dana Kurtz on behalf of the plaintiff.
14              THE COURT:  Good morning.
15              I understand this motion seeks a protective order
16    with respect to the testimony of a witness that had
17    originally been identified by plaintiff but who plaintiff
18    expects no longer to call.
19              MS. KURTZ:  Right.  We withdrew her from our
20    Rule 26 disclosures, and she is not disclosed on any of the
21    Rule 26 disclosures for any of the parties, Judge.
22              THE COURT:  Does she have another -- does she
23    herself have an action pending?
24              MS. KURTZ:  She does, in immigration.  I have
25    attempted to reach her immigration attorney.  I understand he
```

1   is on vacation, your Honor.
2           THE COURT:  Does she have an action against the
3   Town of Cicero?
4           MS. KURTZ:  No.
5           THE COURT:  All right.
6           Let me ask the defendants who wish, as I understand
7   it, to depose her, what is your expectation about what
8   testimony she will offer in connection with this case?
9           MR. SPATARO:  Judge, she was -- on three levels I
10  expect the evidence.
11          One is, she was and still is, I assume, a good
12  friend of one of the defendants, José Del Angel.
13          THE COURT:  She is a friend of one of the
14  defendants.
15          MR. TOBIN:  Yes.  She worked with Mr. Del Angel.
16          She also works with the plaintiff, Ms. Solomos.
17          All of them have been in groups that interacted
18  together.  That is witness testimony.
19          We anticipate, at least based on our investigation,
20  that we have additional information of her interactions with
21  the plaintiff and her knowledge about the case.
22          She was also, so to speak, the gatekeeper for
23  President Dominick.  She worked on a daily basis with the
24  town president.
25          Now, Ms. Kurtz has advised me that some of the

1  evidence or testimony I may hear from her may not necessarily
2  be beneficial to my client.  However, Judge, I can't stick my
3  head in the sand.  I want to know what she knows and if she
4  observed things or if there is other witnesses.
5      But what I do know is that in the years that she
6  worked for Mr. Dominick, right directly in front of his
7  office, she has never filed a complaint.  She has never made
8  a complaint or held herself out that something inappropriate
9  was happening.  So I would like to go down that path with
10 her.
11     But probably the most important issue is, we have
12 had witnesses discuss with her that she has knowledge,
13 intimate knowledge, about the accusations that the plaintiff
14 is making against José Del Angel; that she has been in all of
15 their companies.  She has interacted with Mr. Del Angel.  She
16 knows about his conduct, his character, the plaintiff's view
17 of his propensity to make jokes.
18     So she really does hold a lot of information in
19 that regard.
20     And also to the hostility of the potential
21 environment that she is working in, which is how she was
22 disclosed.
23     Now, whether --
24     THE COURT:  Is there a reason that the defendants
25 didn't disclose her on the 26(a)(1) statements, given her

1 significance?

2        MR. TOBIN:  She was disclosed, and it was --

3        THE COURT:  By the defendants?

4        MR. TOBIN:  By the plaintiff.  So it was, you know, okay, we see her.  We think she has -- more importantly, Judge, as the case unfolded, her name surfaced in other depositions, like what happens in a case.  Other witnesses said that I believe she was present.  I think my client has testified to that, to certain events that -- when he interacted with Ms. Solomos or Ms. Solomos made certain statements.  So that information arose.

        And it was always taken, then, that we would take her deposition, which is why in November we issued a subpoena.  Ms. Kurtz agreed to accept it on her behalf.  And her deposition has been set on four separate occasions since then.  It has been removed for various reasons, and that's not the thrust of our position.

        But she has relevant information.

        And the reality is, Judge, once you are told a witness has information, whether someone is going to call her or not, it's not like you can undo that.  I mean, she has knowledge, and we would like to know her knowledge.  And we believe she has additional knowledge that our own investigation has revealed.

25       THE COURT:  One of the concerns -- a chief concern

1  raised by the plaintiff in this motion is that this is an
2  effort really to do nothing more than impeach her with
3  respect to a collateral matter, and that is her immigration
4  status.
5       The responses I am getting from the defendants
6  indicate that, no, that's not a focus of their concern at
7  all.
8       So can we agree that any questions about her
9  immigration status would be limited -- by that I mean in
10 time -- so we are not spending an hour or two hours talking
11 to her about her immigration status?
12      MR. TOBIN:  Judge, I don't think there is going to
13 be a single question about her immigration status.  None of
14 that was discussed.
15      What happened is, documents were tendered.  And
16 there is more than just those documents that are subject.
17 There are documents that I assume it's the town's position
18 she wrote herself and that they may ask questions about the
19 authenticity of these documents.
20      The documents that surfaced have nothing to do with
21 her immigration status.  There are just multiple social
22 security numbers on them.
23      So as I said to Ms. Kurtz, I assume the town, when
24 they surfaced them, thought this may affect her credibility.
25 But we all know that immigration status is not relevant at

1  trial. We have done plaintiff's work. We don't want to see
2  it introduced at trial.
3      Judge, I don't think there will be a single
4  question on it unless someone asks, are you a United States
5  citizen? I don't think there will be any inquiry down that
6  path.
7      MS. KURTZ: Your Honor, if I may?
8      The individual defendants in both responses, the
9  defendants cited this issue of her, whether or not there were
10 multiple social security numbers on the documents that
11 they -- whether she authored those or not, and actually state
12 that the use of multiple social security numbers may
13 constitute a crime of moral turpitude as well as a federal
14 offense under 18 USC 1028.
15     Those issues in all of the cases that we have cited
16 with respect to a third-party witness are beyond the scope of
17 relevance with respect to this case.
18     I find it bizarre that defendants would want to
19 question her thinking that she is going to be a friendly
20 witness to them but yet try to use that information to
21 impeach her. That does implicate her immigration case, which
22 is pending and she has separate counsel for.
23     THE COURT: Well, number one, she obviously can
24 selectively take the Fifth, if she wants to do that.
25     Number two, Mr. Tobin has just told me that he

1  doesn't think her immigration status is a significant issue
2  at all.
3              Number three, when I asked a moment ago, can we
4  agree that the time that we devote to any immigration matters
5  is limited? I got nods from both Mr. Spataro and Mr. Petkus
6  as well.
7              I think so long as the gentlemen here will commit
8  to me that we are talking five or ten minutes at the maximum
9  on her immigration status, if at all, then they are entitled
10 to get whatever information she has.
11             I take this as a good faith effort to obtain
12 discovery information about the case.  And by that I mean
13 that should Ms. Montes have information that actually
14 promotes or supports the plaintiff's case, that the
15 defendants will take that seriously in connection with any
16 settlement efforts.
17             The motion for a protective order is denied.
18             MR. TOBIN:  Judge, can we have an order compelling
19 her to appear within two weeks?
20             MS. KURTZ:  Your Honor, as defendants know, I am on
21 trial.  Her immigration attorney needs to be present because
22 of her pending immigration case.
23             Again, my understanding, he is on vacation.  I have
24 reached out to him and left him messages on his cell phone.
25             The defendants know I am on trial.  I'm actually

1   leaving tomorrow.  I can produce her the first week of March.
2           We have Larry Dominick's deposition scheduled for
3   the 3rd of March and the 13th of March currently.
4           So there is no prejudice to defendants in waiting
5   to the first week of March.
6           MR. TOBIN:  Actually, Judge, there is.  I don't
7   want to get onto scheduling issues, but I had three deps
8   cancel with Ms. Kurtz last week.  One canceled today.
9           My problem is, I don't have time in March.  I have
10  agreed to teach at NIDA the first week.  I have already
11  backed off two days because of President Dominick's dep and
12  others.
13          What I'd just ask this Court is, I think we could
14  find time in February.  I would like to get it ordered done.
15  It would be one less thing.  We have already asked for two
16  extensions, Judge.
17          Ms. Kurtz also has an associate.  We will try to
18  accommodate the other lawyer.  But at some point -- Ms. Kurtz
19  and her firm are her lawyer.  We just need to get the deps
20  going.  If we wait until March, Judge, we will never be able
21  to get it done.
22          MS. KURTZ:  Your Honor, that's simply not true.
23          We have dates that we can schedule in March.
24          I need to be there because I represented her on a
25  separate matter.  There are attorney-client privilege issues.

1    Obviously, her immigration attorney needs to be present.  So
2    we are going to have to work with dates with respect to him.
3         We have worked out dates on other depositions.
4    There is no motion to compel her dates in the next two weeks.
5    And I am on trial out of town, and the defendants know this.
6         MR. TOBIN:  Just for clarity, Judge, you know our
7    response is also a motion to compel because she has been set
8    and withdrawn on four separate occasions.
9         Today's issue, as I advised Ms. Kurtz, should have
10   been resolved in January when she first raised it, and then
11   waited until the day of the deposition, canceled the
12   deposition, and then said, I am filing for a protective
13   order.
14        THE COURT:  My problem with waiting until the first
15   week in March is the one you have heard me talk about.  She
16   will say something, she will name somebody, she will mention
17   some piece of paper, and you will all be coming back here
18   telling me you now need more time for discovery.
19        Back-scheduling the depositions in a discovery
20   calendar is never wise for exactly this reason.
21        So if we wait until the beginning of March, I just
22   know that the March 20th date that I set recently, only
23   reluctantly, will become no longer a real date and somebody
24   will be angry.  Maybe everybody will be angry.
25        MS. KURTZ:  Your Honor, we had the same issue with

1  Larry Dominick's deposition.  That's the reason that the date
2  got kicked, is because he is dealing with the ballot issues
3  and is not available until after the election.
4       He is a named defendant in the case.
5       She is a third-party witness.
6       There are issues of privilege.  I need to be there.
7  They know I am on trial out of town.  I am on a federal trial
8  call in the Northern District of Oklahoma.
9       THE COURT:  I am going to direct that she appear
10 for her deposition no later than March 6th.
11      MS. KURTZ:  Thank you, Judge.
12      MR. TOBIN:  Thank you, Judge.
13      MR. SPATARO:  Thank you.
14      THE COURT:  Thank you.
15         \*   \*   \*   \*   \*
16 I certify that the foregoing is a correct transcript from the
   record of proceedings in the above-entitled matter.
17
18 /s/ Frances Ward                              February 27, 2009.
   Official Court Reporter
19 F
20
21
22
23
24
25